IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,891 & AP-76,892






EX PARTE ANDREW KELLY ARGENT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. CR25392 A & CR 25393 A
IN THE 75TH DISTRICT COURT FROM LIBERTY COUNTY 




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of aggravated
sexual assault and indecency with a child by contact. He was sentenced to imprisonment for twenty
years in each case. 

 Counsel erroneously informed Applicant that he would be eligible for judge-ordered
community supervision and shock probation. Applicant contends that this incorrect advice caused
his rejection of a plea offer to be unknowing. After a live hearing, the trial court found that counsel
erred, but that Applicant could not show harm as the record showed he would not have been placed
on community supervision irrespective of his eligibility. However, in this case, the prejudice
determination depends upon Applicant's choice not to accept the plea offer. Shortly after these
applications were filed in the trial court, the United States Supreme Court handed down decisions
addressing, inter alia, what an Applicant must prove to demonstrate prejudice on collateral review
when he is deprived of the opportunity to consider and accept a plea offer due to counsel's
ineffectiveness. Lafler v. Cooper, 132 S. Ct. 1376 (2012); Missouri v. Frye, 132 S. Ct. 1399 (2012). 
In Lafler and Frye, the Supreme Court set out a test for prejudice that differs from the test set forth
by this Court in Ex parte Lemke, 13 S.W.3d 791, 797 (Tex. Crim. App. 2000). We order that these
applications be filed and set to determine whether the Lemke test survives the Lafler and Frye 
decisions. The parties shall brief the issue. 

 It appears that Applicant is represented by counsel appointed for the habeas hearing. If he is
not, the trial court shall determine whether he is indigent. If he is indigent and desires to be
represented by counsel, the trial court shall appoint an attorney to represent him. Tex. Code Crim.
Proc. art 26.04. The trial court shall send to this Court, within 30 days of the date of this order, a
supplemental transcript containing: a confirmation that Applicant is represented by counsel; the order
appointing counsel; or a statement that Applicant is not indigent. All briefs shall be filed with this
Court within 60 days of the date of this order.


Filed: October 10, 2012

Do not publish